UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 04-82-DCR |
| V. | ) ) | |
| GARY DAVENPORT, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 7, 2005, Defendant Gary Davenport was sentenced to a term of imprisonment of 160 months based on his involvement in a drug distribution conspiracy. [Record No. 68] Davenport now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c), based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration in certain federal drug offenses. [Record No. 75] The reduction became effective on November 1, 2014. The issue before the Court is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553. Because the Court determines that a sentence reduction would not be appropriate, Davenport's motion will be denied.[1]

---

[1] The Court has also determined that appointment of counsel is not necessary. Further, this matter does not require a hearing to resolve the defendant's motion. There is no constitutional right to either counsel or a hearing in proceedings files under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). Section 3582(c)(2) simply provides "a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the

-1-

On June 3, 2005, a Grand Jury returned a five-count superseding indictment against Davenport. The indictment charged Davenport with manufacturing, possessing, distributing, and conspiring to distribute and possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Record No. 39] He was also charged with possessing equipment, products, and materials for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. §843(a)(6), and knowingly and willfully failing to appear before this Court for trial as required by the conditions of his release in violation of 18 U.S.C. § 3146.[2] [Id.] On July 24, 2005, Davenport pleaded guilty to the possession, manufacture, and failure to appear charges. [Record No. 60]

Davenport's written Plea Agreement contains the following factual basis supporting his guilty plea:

> (b) [Co-defendant] Wilson stated that the methamphetamine had been stolen from an individual in Richmond, Ky. The methamphetamine had been stolen in a cooperative effort by Wilson, Davenport, and Abner. Wilson stated that the individual had not been paying him or Abner for their work. [. . .] Wilson, Davenport, and Abner had been on the run for three (3) days after the methamphetamine was stolen. Wilson hid the largest portion of the methamphetamine in Madison County. The amount foreseeable Davenport [sic] was the amount recovered from the camper trailer of 6.9 grams of pure methamphetamine. Wilson subsequently led agents to a concealed location where over 6 pounds (gross weight) of methamphetamine was recovered from a buried location in Madison County.
>
> [. . .]

---

record and information available to the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be a unnecessary and a waste of resources.

[2] The original indictment was returned on November 18, 2004. [Record No. 6] In addition to the original conspiracy and possession counts, the superseding indictment included the counts of manufacturing and failure to appear. [Record No. 39]

(d) Laboratory tests from the DEA lab for the amounts in the camper trailer reveal that the amount of finished product methamphetamine was approximately 1.5, 1.4, and 4.0 grams of pure methamphetamine, a schedule II controlled substance. This amount is consistent with possession with the intent to distribute.

(e) The defendant was released on bond from the federal criminal charges that were brought in regards to the facts as listed above. On March 15, 2005, this defendant willfully failed to appear before this Court for trial. A warrant was issued for his arrest.

(f) On or about March 31, 2005, this defendant was arrested by United States Marshal's [sic] pursuant to the warrant mentioned above. The defendant was found in possession of glassware that contained an amount of methamphetamine oil or substance that was in the process of manufacture. This is commonly referred to as a "one step cook."

[Record No. 59]

At Davenport's sentencing hearing, the Court considered factors relevant to the issue currently pending, including the seriousness of the offense and the need to provide specific deterrence to Davenport and general deterrence to others inclined to commit similar offenses. [Record No. 68-1] The Court noted its concern with the circumstantial evidence regarding Davenport's role in the theft of methamphetamine. [*Id*.] Ultimately, the evidence established that Davenport served as a look-out during the theft, and his offense level was enhanced for possession of a firearm in connection with the drug offense. [Record No. 68-2, p. 34] The two pounds of methamphetamine found in a camper and an additional six pounds later found buried were attributed to Davenport in calculating his sentence. [Id.] Although a "close call," Davenport's base offense level was adjusted downward for acceptance of responsibility, resulting in a reduced Total Offense Level of 32 and Criminal History Category III. [Id., p. 35]

At the time of sentencing, the Court indicated its reluctance to believe that Davenport was providing truthful and reliable information, but nonetheless sentenced the defendant to imprisonment for 160 months. Falling at the lower end of the guideline range, this sentence reflects the defendant's cooperation. [Record No. 68-2, p. 46] Having already given Davenport the "benefit of the doubt" at sentencing, [Id., p. 49] the Court is not bound to extend further benefit now. The Court found the sentence imposed necessary to meet all statutory goals and objectives, concluding that a lower term of incarceration was not appropriate. That conclusion has not changed with the recent amendments to the United States Sentencing Guidelines. Although the costs to incarcerate Davenport are substantial, those costs are not factors to consider under 18 U.S.C. § 3553(a) and do not overcome the relevant considerations outlined above.

While this Court recognizes its authority and ability to reduce Davenport's sentence under the amendments to the United States Sentencing Guidelines, a lesser term of incarceration would unduly diminish the seriousness of the offense and would not provide appropriate punishment for the defendant's crime. Accordingly, it is hereby

**ORDERED** that Defendant Gary Davenport's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 75] is **DENIED**.

This 10th day of November, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge